<div style="display:flex;">
<div>

CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr., SBN 111282
Phyl Grace, Esq., SBN 171771
Christopher Seabock, SBN 279640
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

</div>
<div>

</div>
</div>

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Jon Carpenter**, <br><br> Plaintiff, <br><br> v. <br><br> **Kenmore 3450, LLC,** a California Limited Liability Company; and Does 1-10, <br><br> Defendants. | Case No. **CV 13-06804 -SVW (FFMx)** <br><br> **Complaint For Damages And Injunctive Relief For** Violations Of: American's With Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act; Negligence <br><br> **Demand For Jury** |

Plaintiff Jon Carpenter complains of Defendants Kenmore 3450, LLC, a California Limited Liability Company, and Does 1-10, ("Defendants") and alleges as follows:

**PARTIES**:

1. Plaintiff is a California resident with physical disabilities. He is a quadriplegic who uses a wheelchair for mobility. He has a specially equipped and modified van.

2. Defendants are, or were at the time of the incident, the owners and



Complaint          1



operators, lessors and/or lessees of the strip mall located at or about 2829 Hyperion Avenue, Los Angeles, California.

3. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5. Pursuant to pendant jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, and the California Disabled Persons Act, which acts expressly incorporate the Americans with Disabilities Act.

6. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7. The strip mall is a business establishment and place of public

Complaint

accommodation.

8. The strip mall is not accessible to wheelchair users because there is no van-accessible parking in the parking lot that serves the businesses at this property.

9. The access aisle is too narrow for van use and the "NO PARKING" paint is missing from the access aisle.

10. The Plaintiff patronized the strip mall in July of 2013.

11. In encountering and dealing with the lack of an accessible facility, the plaintiff experienced difficulty and discomfort. This violation denied the plaintiff full and equal access to facilities, privileges and accommodations offered by the defendants.

12. Additionally, on information and believe, the plaintiff alleges that the failure to remove the barrier was intentional because: (1) this particular barrier is intuitive and obvious; (2) the defendants exercised control and dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

13. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

14. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone

who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

15. Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 Standards"), section 208.2, if a business provides between 1 and 25 parking spaces, they must provide at least one handicap parking space that is van accessible (having an eight foot access aisle).

16. Here, the defendants did not provide a single compliant van-accessible handicap-accessible parking space in its parking lot, although doing so is easily and readily done, and, therefore, violated the ADA.

Complaint

17. Moreover, to qualify as a reserved handicap parking space, the space must be properly marked and designated. Under the ADA, the method and color of marking are to be addressed by State or local laws or regulations. See 36 C.F.R., Part 1191, § 502.3.3.) Under the California Building Code, there must be surface identification on the parking stall with a profile view of a wheelchair occupant that is 36 inches by 36 inches. CBC § 1129B.4. The access aisle must have a blue border. CBC § 1129B.3. The words "NO PARKING" in letters at least a foot high must be painted on the access aisle. Id.

18. Here, there is no "NO PARKING" lettering in the access aisle.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

19. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

20. Because the defendants violated the plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

21. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, *i.e.*, a civil penalty for each offense. (Civ. Code § 55.56(a)-(c).)

Complaint

**III. THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ.§ 54-54.8)

22. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

23. Because the defendants violated the plaintiff's rights under the ADA, they also violated the California Disabled Persons Act and are liable for damages. (Civ. Code § 54.1(d), 54.3(a).)

24. Because the violation of the DPA resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty for each offense. (Civ. Code § 55.56(a)-(c).)

**IV. FOURTH CAUSE OF ACTION: NEGLIGENCE** (On behalf of plaintiff and against all defendants)

25. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

26. The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the plaintiff. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

Complaint

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000 for each offense. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: August 22, 2013                CENTER FOR DISABILITY ACCESS

                                      /s/ Raymond G. Ballister
                                      By:_____
                                      Raymond G. Ballister, Jr, Esq.
                                      Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: August 22, 2013                CENTER FOR DISABILITY ACCESS

                                      /s/ Raymond G. Ballister
                                      By:_____
                                      Raymond G. Ballister, Jr, Esq.
                                      Attorneys for Plaintiff

Complaint